## Liberty Mutual Insurance Co. v. Apcoa, Inc.

*Joseph J. Van Jura,* for plaintiffs.
*Anthony Piazza,* for defendants.

WALSH, *J.,* July 12, 1984—This matter is before the court by way of defendant, City of Scranton's preliminary objections to plaintiff's complaint. The

preliminary objections are in the nature of a demurrer.

The city argues that if the allegations of plaintiff's complaint are assumed to be true, there is no right to recover against the city because of Section 8553(d) of the Governmental Immunity Act, 42 Pa.C.S. 8541. Section 8553(d) states:

"(d) Insurance Benefits — If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant."

Plaintiff's complaint makes it clear that plaintiff is seeking reimbursement against the city under the doctrine of subrogation. The complaint states their insured was paid the amount of their claim and they seek reimbursement from the city. The language of the statute is clear that plaintiff insured could not receive this amount of money because of the limitation on recovery.

It is a well settled principle of law and equity that the doctrine of subrogation cannot be used to accomplish by indirection that which a statute forbids to be done by direction 60 C.J. Subrogation, Section 8; also Aetna Casualty and Surety Co. v. Borough of Hamburg, 22 D. & C. 3d 454 (1982). The subrogee carrier's rights can rise no higher than the party claimant whom he represents and for whom he is the legal substitute.

## ORDER

Now, this March 22, 1984, the preliminary objections of defendant, City of Scranton, is sustained and the complaint against the said City of Scranton is dismissed.